(No. 3934—

EVERETT WAYNE BOBBITT, A MINOR, BY SOPHIE BOBBITT, HIS MOTHER AND NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1946.*

NEIL H. THOMPSON, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

FISHER, C. J.

This claim was filed on October 24, 1945 for benefits under the Workmen's Compensation Act. Claimant alleges that he was employed by the Department of Conservation of the State of Illinois on and prior to October 30, 1944 at the State Game Farm near Mt. Vernon, Illinois at a monthly wage rate of $125.00 per month for eight months and $135.00 thereafter. That on said date while engaged in his regularly assigned duties he was setting and driving posts at the State Game Farm aforesaid, that he was injured when a post driving machine then being operated by him struck his right hand above the second joint of the thumb, almost severing said thumb from his hand. That the State had immediate notice of the accident. That he was thereafter treated by Dr. W. G. Parker of Mt. Vernon until January 1945, and later by Dr. W. R. Bohne in St. Louis, Missouri. On February 3, 1945 he entered the Missouri Baptist Hospital in St. Louis, where he remained until February 16, 1945, during which time his hand and thumb were operated upon by Dr. Bohne. That hospital and medical bills have been paid by respondent.

The record consists of the complaint, Department Report, and stipulation by the claimant and respondent that the Departmental Report shall constitute the record in this case, and waiver in open Court of the right to file statement, brief and argument by both claimant and respondent.

The Department Report sustains the allegations of

the complaint. It therefrom appears that the claimant suffered the entire loss of use of the thumb on his right hand as a result of an injury sustained in the course and within the scope of his employment on the 30th day of October, 1944. As a result of said injury claimant was totally incapacitated from the date of the injury on October 30, 1944 until May 22, 1945, at which time he returned to his former employment.

Claimant was paid $270.00 for unproductive time, which must be deducted from any award entered herein. Claimant is therefore entitled to temporary total disability for 26 weeks at the rate of $17.39 per week, a total of $452.14 less overpayment of $270.00, or a total of $182.14.

Claimant is also entitled to compensation for the entire loss of use of his thumb the sum of $17.39 for 70 weeks, or a total of $1,217.30, making a total award to claimant for temporary total disability and the complete loss of use of his thumb the sum of $1,399.44.

The award to claimant is nearly all accrued, and therefore the entire award is made payable forthwith. An award is entered in favor of claimant in the sum of $1,399.44, payable in a lump sum forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees,'' and is payable, upon approval, from the appropriation from the General Revenue Fund in the manner provided in such act.